No. 3396.—A. F. DUNBAR v. JOHN STEIB and JOSEPH KREIGER.

A mere creditor of an insolvent has no right to claim the possession of property that has been surrendered, nor has he any right to demand or receive the rents of such property. In such a case the possession belongs of right to the syndic and the rents belong to the owner.

APPEAL from the Eighth District Court, parish of Orleans. *Pardee*, J. *W. B. Hyman* and *R. King Cutler*, for plaintiff and appellee. *Labatt & Aroni*, for defendants and appellants.

WYLY, J. The plaintiff alleges that the defendant John Steib is attempting to take possession of the property described in the petition, which is in possession of Joseph Kaizer, an insolvent, who holds it for his creditors, of whom the petitioner is one to the amount of $2000; that the title which Steib acquired from the syndic Kreiger is a mere simulation; and that if Steib should get possession he and the other creditors of the insolvent will be injured. The prayer of the petition is that an injunction issue; that the pretended sale be annulled, and that the "petitioner have judgment against the said Steib for the rents, say one thousand dollars," and for $400 damages. The court dissolved

the injunction with one hundred dollars damages, and the plaintiff has appealed.

The record shows that Steib sued the insolvent Kaizer, whose possession the plaintiff seeks to maintain, for possession of the property described in the petition on the ground that he acquired the same from the syndic of said insolvent, and there was judgment affirming the title and ordering the delivery of the property to him.

Under this state of the case we do not see why a creditor should seek to maintain the possession of the insolvent to the property surrendered by him to the syndic and subsequently sold by the latter to the plaintiff.

A mere creditor has no right to claim the possession, because the property does not belong to him; and he can not assert for the insolvent a right which the latter could not claim for himself. The property having been surrendered its possession belongs to the syndic if there has been no sale; but if a sale, as appears in the record, the possession belongs to the purchaser John Steib. So whether the title of Steib be valid or not, the insolvent can not be maintained in possession; and neither he nor the plaintiff has the right to demand it.

It is still more remarkable that the plaintiff, a mere creditor of the insolvent, should set up a claim for the rent of the property and pray judgment for $1000 against Steib who purchased it from the syndic, a sum equal to one-half the amount he alleges the insolvent owes him. The rent of property belongs to the owner thereof; and neither the plaintiff nor the insolvent pretends to be such.

Let the judgment dissolving the injunction with damages be affirmed with costs.

Rehearing refused.